UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORRISON MANAGEMENT SPECIALISTS, INC. | : : | |
| Plaintiff, | : : | |
| v. | : : | 2:10-CV-02801 |
| WOOD RIVER SENIOR HOUSING, LLC LLC AND WOOD RIVER PROPERTY LLC, | : : : | |
| Defendants. | : : | |

## EXPLANATION AND ORDER

IN THAT Plaintiff, Morrison Management Specialists, Inc., has filed and timely served a Summons and Complaint against Defendant, Wood River Senior Housing, LLC ("Senior Housing") (Doc. 1);

AND that Senior Housing has failed to respond;

AND that a default has been entered against Senior Housing on March 30, 2011 upon the filing by Plaintiff of a Request for Entry of Default on March 29, 2011 (Doc. 25) along with a Certificate of Service (Doc. 26);

AND that and Plaintiff has filed a Request for Entry of Default Judgment against Senior Housing on April 4, 2011 (Doc. 28) along with an Affidavit of Jerry G. Carpenter, Director of Credit and Cash Management at Morrison Management Specialists, Inc. certifying that the principal amount due and owing by Senior Housing to Plaintiff is $108,974.82 along with an accrued interest of $22,517.06, plus an on-going interest in the amount of 18 percent per annum totaling $53.74 per day;

The Court is prepared to enter a final order for judgment against Senior Housing in the

amount of $108,974.82 pursuant to Fed. R. Civ. Proc. 54(b), but declines to do so at this time due to Plaintiff's failure to present adequate and sufficient evidence upon which the Court could make a determination of the extent of any prejudgment interest to which Plaintiff would be entitled.  The Court observes that Plaintiff's claim against Senior Housing is predicated upon the presentation of invoices for services rendered and for which Senior Housing has made no payment.  It appears that Plaintiff, has in fact, presented multiple invoices on various dates suggesting that any prejudgment interest would run from a different date for each separate invoice.  Further, Plaintiff has presented nothing to indicate an entitlement to the proposed excessive interest rate of 18%.  The Court would expect that the prejudgment interest rate would be predicated upon the Pennsylvania Statutory Rate (41 P.S. § 202) in this diversity case and that a determination with respect to post-judgment interest would be made pursuant to 28 U.S.C. § 1961 upon execution of any judgment entered.

It is therefore ORDERED that within seven (7) days from the date of this Order, Plaintiff file and submit to the Court its Declaration setting out with particularity the basis of its claim of entitlement to interest, the date(s) upon which it asserts any interest due began to run, the rate of interest to be applied, together with the factual and legal basis for its position.

BY THE COURT:


/s/ David R. Strawbridge
David R. Strawbridge
United States Magistrate Judge